United States District Court
Southern District of Texas
**ENTERED**
March 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EDGAR FAYE NORMAN HUNTER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-CV-3029 |
| | § | |
| **KILOLO KIJAKAZI,** | § | |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM OPINION

Pending before the Court[1] is Plaintiff Edgar Faye Norman Hunter's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 19) and Defendant[2] Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment (Dkt. No. 16). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **GRANTS** Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **DISMISSES** the action with prejudice.

**I.     BACKGROUND**

On August 27, 2020, Plaintiff timely filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's claim for disability insurance

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Dkt. No. 23.)

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

benefits under Title II of the Social Security Act.³ On October 10, 2014, Plaintiff filed an application for benefits claiming an inability to work since April 21, 2014, due to back injury – spondylolysis pars fracture of the spine, borderline diabetes, depression, obstructive sleep apnea, insomnia, herniated/bulge disc, and degenerative disc disease.⁴ The SSA found Plaintiff was not disabled at the initial level of review in November 2014 and again, upon reconsideration, in February 2015.⁵ Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").⁶

On April 11, 2016, the ALJ conducted a hearing.⁷ The ALJ heard testimony from Plaintiff and vocational expert Vickie Cohenberg.⁸ On May 27, 2016, the ALJ issued a decision denying Plaintiff's applications for disability benefits.⁹ The ALJ found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from April 21, 2014, through the date of this decision . . . ."¹⁰ Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.¹¹ On October 6, 2016, the Appeals Council denied Plaintiff's request to review the ALJ's decision.¹²

Following the Appeals Council's denial, Plaintiff filed an action pursuant to 42 U.S.C. § 405(g) in U.S. District Court for the Southern District of Texas, Houston Division.¹³ After reviewing the motions for summary judgment, the Court found the ALJ properly considered all medical evidence of record and properly found Plaintiff's major depression as non-severe at step

---

³ *See* Dkt. No. 1.
⁴ *See* Dkt. No. 14-4 at 2–3.
⁵ *See id.* at 10, 24.
⁶ Dkt. No. 14-5 at 14.
⁷ *See* Dkt. No. 14-3 at 48.
⁸ *Id.*
⁹ *Id.* at 28–40.
¹⁰ *Id.* at 39.
¹¹ *See id.* at 19.
¹² *Id.* at 4.
¹³ *See* Dkt. No. 14-20 at 3.

2.[14] However, the Court found the ALJ did not properly evaluate Plaintiff's medication side effects.[15] Therefore, the Court recommended that the case be remanded for the ALJ to make a finding on Plaintiff's subjective complaints regarding medication side effects.[16]

Following remand, the ALJ held a second hearing and issued a second opinion on May 21, 2019 that found Plaintiff was not disabled between April 21, 2014 through May 27, 2016.[17] Plaintiff appealed the ALJ's second decision to the SSA's Appeals Council.[18] On May 29, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[19]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[20]

## II. LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by

---

[14] *Id.* at 5-11.
[15] *Id.* at 7.
[16] *Id.* at 11.
[17] Dkt. No. 14-19 at 11.
[18] *See id.* at 2.
[19] *Id.*
[20] *See* Dkt. No. 1.

applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion

applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion

applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion

independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

## III. DISCUSSION

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive

and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed all five steps of the sequential process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 21, 2014.[21] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, lumbar disc disease, status post laminectomy and fusion, and cervical disc disease.[22] At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[23] The ALJ found Plaintiff had the RFC to perform light work as defined in the Commissioner's regulations with certain limitations.[24] At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work.[25] At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed—such as cashier,

---

[21] Dkt. No. 14-19 at 13.
[22] *Id.*
[23] *Id.* at 14.
[24] *Id.*
[25] *Id.* at 21.

office helper, document preparer, and order clerk—and therefore, Plaintiff was not disabled as defined under the Social Security Act.[26]

Plaintiff moves to reverse the ALJ's decision, arguing that the ALJ failed to consider all of the evidence.[27] Conversely, Commissioner contends the ALJ properly considered the evidence and substantial evidence supports his decision.[28] The Court agrees with Commissioner.

"[T]he ALJ is not always required to do an exhaustive point-by-point discussion" of each piece of evidence at every step. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007); *see Charland v. Astrue*, No. 08-CV-1072, 2010 WL 624047, at *3 (N.D. Tex. Feb. 22, 2010) ("The ALJ is not statutorily or judicially obligated to explicitly list all the evidence he or she takes into account[.]"). In fact, "[t]he ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it," *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005), and courts routinely decline to find reversible error when the ALJ explicitly states he considered the entire record in the decision. *See Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010) ("The fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record. To the contrary, his decision states expressly that it was made '[a]fter careful consideration of all the evidence,' and we see no reason or evidence to dispute his assertion."); *Tyler v. Saul*, No. 19-CV-187, 2020 WL 4462527, at *4 (N.D. Tex. Aug. 4, 2020).

Here, the ALJ stated multiple times that he considered all the evidence in the record.[29]

---

[26] *Id.* at 22.
[27] Dkt. No. 19 at 7.
[28] Dkt. No. 16-1 at 12; Dkt. No. 20 at 2.
[29] Dkt. No. 14-6 at 13-15, 18.

Plaintiff's argument largely consists of a summary of Plaintiff's medical history.[30] However, it is the same medical history that the ALJ considered, twice, in his decisions. Even without the ALJ's assertions that he reviewed all the evidence in the record, the ALJ provided an extensive discussion of Plaintiff's records, including but not limited to: Plaintiff's motor vehicle accident and the procedures that followed; Plaintiff's function reports; Plaintiff's back issues; Plaintiff's treatment at St. Joseph's Neurology Clinic; Plaintiff's lumbar pain; Plaintiff's various surgeries and treatment records; Plaintiff's treatment at Greater Houston Neurosurgery Center; Plaintiff's back pain, scans of Plaintiff's cervical spine; and Plaintiff's treatment at the Houston Center for Infectious Diseases.[31] Thus, Plaintiff's argument that the ALJ failed to consider all of the medical evidence of record is without merit.

The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan*, 38 F.3d at 236. Based on his thorough review of the record, the Court finds that substantial evidence supports the ALJ's decision. *See Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."); *Jacobs v. Berryhill*, No. 5-17-CV-429, 2018 WL 3323764, at *5 (W.D. Tex. July 6, 2018), *report and recommendation adopted*, No. 5-17-CV-429, 2018 WL 4688775 (W.D. Tex. July 24, 2018) ("The ALJ properly discussed the evidence in the record in making the residual-functional-capacity determination, explained the reasoning for the determination, and exercised her responsibility as factfinder in weighing the evidence and

---

[30] Dkt. No. 19 at 7-20.
[31] Dkt. No. 14-19 at 15-21.

choosing to incorporate limitations into the residual-functional-capacity assessment that were most supported by the record.").

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **DISMISSES** the action with prejudice.

It is so **ORDERED**.

**SIGNED** in Houston, Texas on March 3, 2022.

Sam S. Sheldon
United States Magistrate Judge